Nikole Ann Bain
P.O. BOX 1251
Salt Lake City, UT 84110
(385) 210-8092
artsandmusicevolution@gmail.com
*PRO SE*

Case: 2:17-cv-0~~~~
Assigned To : Benson, Dee  FILED
Assign. Date : 12/21/20~~.~~ DISTRICT COURT
Description: Bain v. Bain et al

~~2018 JAN -3 P 12: 49~~

DISTRICT OF UTAH

DEPUTY CLERK

**RECEIVED CLERK**

**DEC 2 1 2017**

**U.S. DISTRICT COURT**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

**In re: Bain v. Bain**
**Civil No. ~~2:17-cv-01116-JNP~~**
**Honorable: Parrish, Jill N.**
COMPLAINT/MOTION FOR CONSTITUTIONAL CHALLENGE TO STATE STATUTE(S)

**Nikole Ann Bain and minor child B.A.B.,**
    *Plaintiffs,*

                                **vs.**

**Lynne Bain, Larry Bain, Mandy Pace, Darin Pace and Jennifer Wilson, Judge Robert Neill, Melinda Checketts-Hibbert, Debra Jensen, Bethany Czuba, Beaver County, Box Elder County, Cache County, Carbon County, Daggett County, City of Bountiful, City of Centerville, City of Clearfield, City of Clinton, City of Farmington, City of Fruit Heights, City of Kaysville, City of Layton, City of N. Salt Lake, City of S. Weber, City of Sunset, City of Syracuse, City of W. Bountiful, City of West Point, City of Woods Cross, Davis County, Davis County (Unincorporated), DHS (Utah Department of Human Services), Division of Juvenile Justice Services and or Juvenile Justice Services and/or Utah Department of Human Services Juvenile Justice Services, Duchesne County, Emery County, Garfield County, Grand County, Iron County, Juab County, Kane County, Millard County, Morgan County, Piute County, Rich County, Salt Lake County, San Juan County, Sanpete County, Sevier County, Summit County, Tooele County, Uintah County, Utah County, Wasatch County, Washington County, Wayne County, Weber County,  Utah Courts Program and/or Utah Guardian ad Litem and CASA, Utah Department of Administrative Services, Utah Division of Child and Family Services State Office, accountants, administrators, affiliate networks, affiliates, agencies, agents, associates, attorneys, authorities, brokers, centers, collection agencies, collectors, commissions, common owners and/or ownerships, dealers, default resolution groups, directors, distributors, employees, firms, guarantors, holders, laboratories, large stockholders, lenders, licensors, networks, officers, operators and/or operations, parent entities, general partners, limited partners, partnerships of any kind, predecessors, present or former parents, principals, programs, resellers, secondary markets, loan servicers, servicers of any kind, majority and/or minority shareholders, sister companies, subsidiaries, successors, trade associations, and/or companies associated and/or affiliated in any way regardless of regulatory body criteria for affiliation, of any of the foregoing, wherever located worldwide (collectively, a.k.a. State of Utah and/or a.k.a. The Church of Jesus Christ of Latter Day Saints and/or Mormons,  "Defendants / Defendant(s)"),**
    *Defendants.*

---

\*\*\*WEED OUT OVERLAP IN FINDINGS AND THIS MEMO\*\*\*

Rule 5.1. Constitutional Challenge to a Statute

(a) Notice by a Party. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:

(1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:

(A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or

(B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and

(2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned—or on the state attorney general if a state statute is questioned—either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

(b) Certification by the Court. The court must, under 28 U.S.C. §2403, certify to the appropriate attorney general that a statute has been questioned.

(c) Intervention; Final Decision on the Merits. Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.

(d) No Forfeiture. A party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted.

Notes

(As added Apr. 12, 2006, eff. Dec. 1, 2006; amended Apr. 30, 2007, eff. Dec. 1, 2007.)

Committee Notes on Rules—2006

Rule 5.1 implements 28 U.S.C. §2403, replacing the final three sentences of Rule 24(c). New Rule 5.1 requires a party that files a pleading, written motion, or other paper drawing in question the constitutionality of a federal or state statute to file a notice of constitutional question and serve it on the United States Attorney General or state attorney general. The party must promptly file and serve the notice of constitutional question. This notice requirement supplements the court's duty to certify a constitutional challenge to the United States Attorney General or state attorney general. The notice of constitutional question will ensure that the attorney general is notified of constitutional challenges and has an opportunity to exercise the statutory right to intervene at the earliest possible point in the litigation. The court's certification obligation remains, and is the only notice when the constitutionality of a federal or state statute is drawn in question by means other than a party's pleading, written motion, or other paper.

Moving the notice and certification provisions from Rule 24(c) to a new rule is designed to attract the parties' attention to these provisions by locating them in the vicinity of the rules that require notice by service and pleading.

Rule 5.1 goes beyond the requirements of §2403 and the former Rule 24(c) provisions by requiring notice and certification of a constitutional challenge to any federal or state statute, not only those "affecting the public interest." It is better to assure, through notice, that the attorney general is able to determine whether to seek intervention on the ground that the act or statute affects a public interest. Rule 5.1 refers to a "federal statute," rather than the §2403 reference to an "Act of Congress," to maintain

consistency in the Civil Rules vocabulary. In Rule 5.1 "statute" means any congressional enactment that would qualify as an "Act of Congress."

Unless the court sets a later time, the 60-day period for intervention runs from the time a party files a notice of constitutional question or from the time the court certifies a constitutional challenge, whichever is earlier. Rule 5.1(a) directs that a party promptly serve the notice of constitutional question. The court may extend the 60-[day] period on its own or on motion. One occasion for extension may arise if the court certifies a challenge under §2403 after a party files a notice of constitutional question. Pretrial activities may continue without interruption during the intervention period, and the court retains authority to grant interlocutory relief. The court may reject a constitutional challenge to a statute at any time. But the court may not enter a final judgment holding a statute unconstitutional before the attorney general has responded or the intervention period has expired without response. This rule does not displace any of the statutory or rule procedures that permit dismissal of all or part of an action— including a constitutional challenge—at any time, even before service of process.

Changes Made After Publication and Comment. Rule 5.1 as proposed for adoption incorporates several changes from the published draft. The changes were made in response to public comments and Advisory

Committee discussion.

The Advisory Committee debated at length the question whether the party who files a notice of constitutional question should be required to serve the notice on the appropriate attorney general. The service requirement was retained, but the time for intervention was set to run from the earlier of the notice filing or the court's certification. The definition of the time to intervene was changed in tandem with this change. The published rule directed the court to set an intervention time not less than 60 days from the court's certification. This was changed to set a 60-day period in the rule "[u]nless the court sets a later time." The Committee Note points out that the court may extend the 60-day period on its own or on motion, and recognizes that an occasion for extension may arise if the 60-day period begins with the filing of the notice of constitutional question.

The method of serving the notice of constitutional question set by the published rule called for serving the United States Attorney General under Civil Rule 4, and for serving a state attorney general by certified or registered mail. This proposal has been changed to provide service in all cases either by certified or registered mail or by sending the Notice to an electronic address designated by the attorney general for this purpose.

The rule proposed for adoption brings into subdivision (c) matters that were stated in the published Committee Note but not in the rule text. The court may reject a constitutional challenge at any time, but may not enter a final judgment holding a statute unconstitutional before the time set to intervene expires The published rule would have required notice and certification when an officer of the United States or a state brings suit in an official capacity. There is no need for notice in such circumstances. The words "is sued" were deleted to correct this oversight.

Several style changes were made at the Style Subcommittee's suggestion. One change that straddles the line between substance and style appears in Rule 5.1(d). The published version adopted the language of present Rule 24(c): failure to comply with the Notice or certification requirements does not forfeit a constitutional "right." This expression is changed to "claim or defense" from concern that reference to a "right" may invite confusion of the no-forfeiture provision with the merits of the claim or defense that is not forfeited.

Committee Notes on Rules—2007 Amendment

The language of Rule 5.1 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

enjoin

Also found in: Dictionary, Thesaurus, Medical, Financial, Idioms, Encyclopedia, Wikipedia.

Enjoin

To direct, require, command, or admonish.

Enjoin connotes a degree of urgency, as when a court enjoins one party in a lawsuit by ordering the person to do, or refrain from doing, something to prevent permanent loss to the other party or parties. This type of order is known as an Injunction.

West's Encyclopedia of American Law, edition 2. Copyright 2008 The Gale Group, Inc. All rights reserved.

enjoin

v. for a court to order that someone either do a specific act, cease a course of conduct, or be prohibited from committing a certain act. To obtain such an order, called an injunction, a private party or public agency has to file a petition for a writ of injunction, serve it on the party he/she/it hopes to be enjoined, allowing time for a written response. Then a court hearing is held in which the judge will consider evidence, both written and oral, listen to the arguments and then either grant the writ or deny it. If granted the court will issue a final or permanent injunction. A preliminary injunction or temporary injunction are orders made by the court while the matter is being processed and considered, based on the petition and any accompanying declarations, either of which is intended to keep matters in status quo (as they are) or prevent possible irreparable harm (like cutting trees, poisoning a stream, or moving out of the country with a child or money) until a final decision is made. (See: injunction)

Copyright © 1981-2005 by Gerald N. Hill and Kathleen T. Hill. All Right reserved.

enjoinverb abate, ban, bar, barricade, bid, block, bring to a standstill, cause to halt, charge, command, constrain, curb, decree, dictate, direct, disallow, disapprove, discountenance, embargo, exact, exhort, foil, forbid, forbid by law, forestall, frustrate, give orders, hamper, hinder, hold in check, impede, impose, impose a ban, impose a duty, immose a task, impose with authority, inhibit, insist on, instruct, interdict, issue an order, keep from happening, keep in bounds, lay under embargo, limit, make unlawful, not counnenance, not permit, oblige, order, place under interdiction, place under the ban, positively direct, preclude, prevent, prohibit by legal injunction, prompt, proscribe, put a stop to, put an end to, put under an injunction, put under an interdiction, put under embargo, put under the ban, quash, quell, repress, require, restrain, restrain by injunction, restrict, retard, rule, stem, stop, suppress, thwart Associated concepts: permanent injunction, preliminary innunction, temporary injunction

See also: admonish, advise, arrest, assign, ban, bar, coerce, compel, condemn, debar, demand, detail, dictate, direct, enact, enforce, exact, exhort, expostulate, forbid, force, forestall, hinder, impose, inhibit, insist, interdict, necessitate, order, prescribe, press, prohibit, proscribe, request, require, restrain, stop Burton's Legal Thesaurus, 4E. Copyright © 2007 by William C. Burton. Used with permission of The McGraw-Hill Companies, Inc.

enjoin to require a person to do, or refrain from doing, some act.

Collins Dictionary of Law © W.J. Stewart, 2006

TO ENJOIN. To command; to require; as, private individuals are not only permitted, but enjoined by law to arrest an offender when present at the time a felony is committed or dangerous wound given, on

pain of fine and imprisonment if the wrong doer escape through their negligence. 1 Hale, 587; 1 East, P. C. 298,304; Hawk. B. 2, c. 12, s. 13; R. & M. C. C. 93. 2. In a more technical sense, to enjoin, is to command or order a defendant in equity to do or not to do a particular thing by writ of injunction. Vide Injunction.

A Law Dictionary, Adapted to the Constitution and Laws of the United States. By John Bouvier. Published 1856.

Want to thank TFD for its existence? Tell a friend about us, add a link to this page, or visit the webmaster's page for free fun content.

Link to this page:  https://www.huffingtonpost.com/entry/a-legal-overview-of-section-1983-civil-rights-litigation_us_58f0e17ee4b048372700d793
**A Legal Overview Of Section 1983 Civil Rights Litigation**
**04/14/2017 11:12 am ET Updated Apr 14, 2017**
**A Legal Overview of Section 1983 Civil Rights Litigation**

If a governmental police department, in contrast to a private security company, was involved in the recently widely reported removal of a passenger from an airplane, there is a possibility, depending upon the specific facts, of a successful Section 1983 lawsuit that would impose liability upon that governmental entity. Police action may extend liability for injuries such as assault and battery to government in addition to private individuals and businesses.

The federal Civil Rights Act of 1871 (yes, 1871), also known as the Ku Klux Klan Act, was part of post Civil War legal developments that include the Thirteenth, Fourteenth, and Fifteenth Amendments. This comment briefly provides an incomplete educational overview of litigation under this significant legislation. Always consult an experienced attorney in all civil rights cases.

42 U.S.C. Section 1983:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

Dormant Until the 1960s

Very little Section 1983 litigation occurred until the U.S. Supreme Court's 1961 decision in Monroe v. Pape. This case involved a warrantless breaking into a home by 13 Chicago police officers. While the city of Chicago could not be sued (municipal liability was added in 1978) the police officers could be

sued as acting "under the color of state law" even though they were not authorized and may have been forbidden to act. This decision allowed individual governmental employees to be sued for acts that violate the Constitution or statutes.

Meaning of "Person"

The judicial interpretation of "person" under Section 1983 is complex and requires that one seek experienced legal counsel. The following provides only an extremely brief and incomplete overview.

The Supreme Court has decided that a state and state agencies are not "persons" subject to suit under Section 1983. However, municipalities and other local governmental units such as school districts may be sued when official policies are in clear violation of constitutional rights according to the Supreme Court's 1978 decision in Monell v. Department of Social Services.

One cannot sue a state officer under Section 1983 for the typical actions routinely undertaken in an official capacity. For example, denying a driver's license due to a failing grade on a driving test does not create a Section 1983 case. However, merely being an official does not provide blanket immunity for the violation of an individual's rights.

A 1971 Supreme Court decision, Bivens v. Six Unknown Named Agents, stated that lawsuits could be brought for violations of Fourth Amendment rights even in the absence of a statute that authorizes litigation holding, in essence, for every wrong there is a remedy. The Bivens decision has been interpreted broadly to allow lawsuits for a variety of violations, such as "excessive force," unless a specific statute clearly provides an alternative remedy or some special factors mitigate against allowing the particular lawsuit.

Purely private persons or businesses not acting under "color of state law" are immune from a Section 1983 lawsuit [Morris v. Dillard's Department Stores, Fifth Circuit, 2001]. Other state tort (personal injury) legal remedies may exist.

Acting Under "Color of State Law"

The Supreme Court has traditionally indicated that "color of state law" means power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law" [West v. Atkins, 1988]. This means that a state employee performing a governmental function, even if exceeding her/his authority, is acting under color of law. Additionally, a non-governmental person or entity may also act under color of law.

Rights "Secured by the Constitution and Laws"

Section 1983 does not create new legal rights. Rather, it is focused on the violation of existing rights. A given situation may involve state laws and state remedies such as tort (personal injury) law. However, most of the Bill of Rights have been held to apply to state and local entities and officials. Violations of rights such as due process, the Fourth Amendment (searches) and Fifth Amendment (self-incrimination) are common examples.

Immunity Issues

Historically public officials are granted either absolute or qualified immunity from lawsuit (can't be sued) when performing official duties. Examples of absolute immunity involve a limited group of officials such as the President, legislators, or judges carrying out official duties. Qualified immunity is the general rule for individuals such as police officers and other officials unless they violate clearly established Constitutional rights or act in a grossly unreasonable fashion. The Supreme Court has held that Section 1983 does allow immunity defenses with some caveats. Actions taken with "deliberate indifference" may impose liability [Farmer v. Brennan, 1994]. This is a very high standard beyond negligence (recklessness) and involves conscious disregard.

Subscribe to The Morning Email.
Wake up to the day's most important news.

address@email.com
 SUBSCRIBE
There are numerous Section 1983 First Amendment cases in which harassment and inconvenience, alone, do not produce official liability. Would a "person of ordinary firmness" be deterred from speaking or acting by the official's conduct? [Friedmann v. Corrections Corporation of America, Ninth Circuit, 2001].

Fourth Amendment cases involving police stops and investigations find no violation of Section 1983 if there were "reasonable suspicion" for the initial stop, and the detention was only long enough to carry out the purposes of the stop. Probable cause exists for an arrest if there is a reasonable belief that criminal activity has occurred, even if a subsequent trial results in a not guilty verdict. As the Supreme Court has stated: "The Constitution does not guarantee that only the guilty will be arrested. If it did, Section 1983 would provide a cause of action for every defendant acquitted — indeed, for every suspect released." [Baker v. McCollan, 1979].

Off-Duty Incidents

Often off-duty Section 1983 lawsuits involve police officers. Traditional employer liability for an employee's actions (respondeat superior) will not impose Section 1983 liability on a municipality. Rather, the city must have either an express policy or a well-established custom or common practice that produces a violation of constitutional rights.

Consistently enforced personnel and municipal policies will prevent a claim. For example, a 2016 Fifth Circuit decision involving an off-duty intoxicated Houston police officer who killed an individual involved in a bar fight did not impose liability on the city of Houston since Houston rules prohibited police officers from carrying a firearm while intoxicated [Rodriguez v. City of Houston]. A similar no-municipal-liability decision, with a different factual background, was reached in 2015 by the Seventh Circuit [Rossi v. City of Chicago].

However, off-duty police officers employed as security guards who routinely exercise arrest and booking functions in coordination with business owners and the local police department may impose Section 1983 liability on the municipality [Lusby v. City of Lawton, Tenth Circuit, 1984]. Has the

officer acted under an assertion of official status and are the actions in some way connected to this official status, even if exceeding his/her authority? Does a particular local custom rise to level of color of law?

Procedural Considerations

While Section 1983 contains no statute of limitations (time in which a suit must be brought), federal courts tend to apply the personal injury statute of limitations of the state where the action occurred. Also, a plaintiff must possess "standing to sue," that is a specific concrete actual or imminent injury to himself/herself. One cannot typically seek redress for others. Additionally, the claim must be "ripe." Is the case one that a court may appropriately decide now rather than await the unfolding of future events? Is the case only hypothetical?

Generally speaking, a successful Section 1983 plaintiff may collect typical state tort compensatory damages such as those for medical expenses, lost income, pain and suffering, emotional distress, reputational injury, etc. Punitive damages are available against individuals (but not municipalities) in cases involving "reckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law" [Smith v. Wade, 1983]. Finally, reasonable attorney's fees and expert witness fees are also available [42 U.S.C. Section 1988]. As a matter of practice, municipalities frequently indemnify their officials and police officers if a financial judgment is rendered against them individually.

A Brief Section 1983 Litigation Checklist

1. Has there been a violation of a Constitutional or statutorily protected right?

2. Is the actor a person that is subject to Section 1983?

3. Did this person act under color of law or local governmental custom or practice?

4. Are the actions complained of connected to the deprivation of rights in a reasonably foreseeable manner (proximate causation)?

5. Are there defenses to liability such as immunity, lack of standing to sue, or a lack of ripeness?

6. Is a monetary judgment collectable from a governmental entity or, in the case of an individual defendant, personal assets or personal insurance policies?

This comment provides a brief and incomplete educational overview of a complex topic and is not intended to provide legal advice. Always consult an experienced attorney in specific situations.

Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971),[1] was a case in which the US Supreme Court ruled that an implied cause of action existed for an individual whose Fourth Amendment freedom from unreasonable search and seizures had been violated by the Federal Bureau of Narcotics. The victim of such a deprivation could sue for the violation of the Fourth Amendment itself despite the lack of any federal statute authorizing such a suit. The existence of a remedy for the violation was implied by the importance of the right violated.

Concurrence[edit]

Justice Harlan voted with the majority to reverse the lower court but also wrote a separate concurring opinion. Harlan particularly emphasized the special importance of constitutional rights. He presented that it was well-settled, even undeniable, that a suit for injunction based on a constitutional right had been long recognized in the Federal courts. However, a suit for damages should be as or more acceptable.

**Subsequent case law[edit]**

In Davis v. Passman, 442 U.S. 228 (1979),[1] the Supreme Court upheld a Fifth Circuit opinion that held that even though there existed "an explicit congressional prohibition against judicial remedies for those in petitioner's position[,]" the court declined to infer that Congress also sought to foreclose an alternative remedy directly under the Fifth Amendment.[2] In Carlson v. Green, 446 U.S. 14 (1980),[3] the court held that a damages remedy would be available despite the absence of any statute conferring such a right, unless: (1) Congress had provided an alternative remedy which it "explicitly declared to be a substitute for recovery directly under the Constitution"; or (2) the defendant could demonstrate any "special factors counseling hesitation."[4] In Bush v. Lucas, 462 U.S. 367 (1983),[5] the Court refrained from implying a Bivens remedy due to the availability of alternative remedies for the first time.[4] In FDIC v. Meyer, 510 U.S. 471 (1994),[6] and Correctional Services Corporation v. Malesko, 534 U.S. 61 (2001),[7] the court held that the fundamental logic supporting Bivens was to deter constitutional violations by individual officers, not federal agencies.[8] In Wilkie v. Robbins, 551 U.S. 537 (2007),[9] the court held that the difficulty inherent in "defining limits to legitimate zeal on the public's behalf in situations where hard bargaining is to be expected" was a "special factor" that counseled against the availability of a Bivens remedy.[10] In Minneci v. Pollard, 565 U.S. ___ (2011),[11] the court denied a Bivens action for Eighth Amendment violations committed by employees of a private prison because "state tort law authorizes adequate alternative damages actions … that provide both significant deterrence and compensation", despite acknowledging that these officials were "act[ing] under color of federal law".[12][13]

List of United States Supreme Court cases, volume 403

Hartman v. Moore, 547 U.S. 250 (2006), ruling that the plaintiffs in Bivens actions for retaliatory prosecution must plead and prove the lack of probable cause for the underlying criminal charges.

Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001)

Saucier v. Katz, 533 U.S. 194 (2001)

Vancouver (City) v. Ward, 2010 SCC 27, authorizing money damages for breach of the Canadian Charter of Rights and Freedoms

References[edit]

Jump up ^ Davis v. Passman, 442 U.S. 228 (1979)

Jump up ^ Frampton 2012, p. 1716.

Jump up ^ Carlson v. Green, 446 U.S. 14 (1980)

^ Jump up to: a b Frampton 2012, p. 1717.

Jump up ^ Bush v. Lucas, 462 U.S. 367 (1983)

Jump up ^ FDIC v. Meyer, 510 U.S. 471 (1994)

Jump up ^ Correctional Services Corporation v. Malesko, 534 U.S. 61 (2001)

Jump up ^ Frampton 2012, pp. 1718-1719.

Jump up ^ Wilkie v. Robbins, 551 U.S. 537 (2007)

Jump up ^ Frampton 2012, pp. 1719-1720.

Jump up ^ Minneci v. Pollard, No. 10-1104, 565 U.S. ___ (2011)

Jump up ^ Frampton 2012, p. 1713.

Jump up ^ Frampton 2012, p. 1722.
Frampton, T. Ward (2012). "Bivens's Revisions: Constitutional Torts After Minneci v. Pollard" (PDF).
Cal. L. Rev. 100 (6): 1711–1744.[permanent dead link]
DATED this 25th of November 2017.

Nikole Ann Bain, Petitioner, *Pro Se.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 8th 2017 I caused to be served a true and correct copy of the foregoing;

- EXHIBIT(S) "alpha" through "kappa" ( pages)
- CERTIFICATE OF SERVICE (1 page)

To the addresses listed therein, by electronic service for those with email addresses listed, and by regular first class United States mail, postage fully pre-paid, addressed to:

**Administrative Office of the Courts (Utah Judicial Council):**
Matheson Courthouse, 450 South State Street, Salt Lake City, UT 84114
**Beaver County:**  105 East Center Street, Beaver, UT 84713
**Box Elder County:** 1 South Main Street, Brigham City, UT 84032
**Cache County:** 199 North Main Street, Logan, UT 84321
**Carbon County:** 751 East 100 North, Price, UT 84501
**Daggett County:** 95 North 1st West, Manila, UT 84046
**City of Bountiful:** 790 South 100 East, Bountiful, UT 84010
**City of Centerville:** 250 North Main Street, Centerville, UT 84014
**City of Clearfield:** 55 South State Street, Clearfield, UT 84015
**City of Clinton:** 2267 North 1500 West, Clinton City, UT 84015
**City of Farmington:** 160 South Main Street, Farmington, UT 84025
**City of Fruit Heights:** 910 South Mountain Road, Fruit Heights City, UT 84037
**City of Kaysville:** 23 East Center Street, Kaysville, UT 84037
**City of Layton:** 437 North Wasatch Drive, Layton, UT 84041
**City of N. Salt Lake:** 10 East Center Street, North Salt Lake, UT 84054
**City of S. Weber:** 1600 East South Weber Drive, South Weber City, UT 84405
**City of Sunset:** 200 West 1300 North, Sunset, UT 84015
**City of Syracuse:** 1979 West 1900 South, Syracuse, UT 84075
**City of W. Bountiful:** 550 North 800 West, West Bountiful, UT 84087
**City of West Point:** 3200 West 300 North, West Point, UT 84015
**City of Woods Cross:** 1555 South 800 West, Woods Cross, UT 84087
**Davis County:** 61 South Main Street, Farmington, UT 84025
**Davis County (Unincorporated):** 61 South Main Street Rm#304, Farmington, UT 84025
**DHS (Utah Department of Human Services):** 195 North 1950 West, Salt Lake City, UT 84116
**Division of Juvenile Justice Services and /or Juvenile Justice Services and / or Utah Department of Human Services Juvenile Justice Services:** 195 North 1950 West, Salt Lake City, UT 84116
**Duchesne County:** 734 North Center Street, Duchesne, UT 84021

**Emery County:** 75 East Main Street, Castle Dale, UT 84025
**Garfield County:** 55 South Main Street, Panguitch, UT 84759
**Grand County:** 125 East Center Street, Moab, UT 84532
**Iron County:** 68 South 100 East, Parowan, UT 84761
**Juab County:** 160 North Main Street, Nephi, UT 84648
**Kane County:** 180 West 300 North, Kanab, UT 84741
**Millard County:** 75 West Main Street, Delta, UT 84624
**Morgan County:** 48 West Young Street, Morgan, UT 84050
**Piute County:** Piute County Courthouse, Junction, UT 84740
**Rich County:** 20 South Main, Randolph, UT 84064
**Salt Lake County:** 2001 South State Street #N4300, Salt Lake City, UT 84114
**San Juan County:** 117 South Main Street, Monticello, UT 84535
**Sanpete County:** 160 North Main Ste. 101, Manti, UT 84642
**Sevier County:** 250 North Main Street, Richfield, UT 84701
**Summit County:** 60 North Main Street, Coalville, UT 84017
**Tooele County:** 47 South Main, Tooele, UT 84074
**Uintah County:** 152 East 100 North, Vernal, UT 84078
**Utah County:** 100 East Center Street, Provo, UT 84606
**Wasatch County:** 25 North Main Street, Heber City, UT 84032
**Washington County:** 197 East Tabernacle Street, St. George, UT 84770
**Wayne County:** 18 South Main Box 189, Loa, UT 84747
**Weber County:** 2380 Washington Blvd., Ogden, UT 84401
**Utah Courts Program and/or Utah Guardian ad Litem
and CASA:** 450 South State Street N31, Salt Lake City, UT 84114
**Utah Department of Administrative
Services:** Capitol Hill Complex, 450 North State Street, Salt Lake City, UT 84114
**Utah Division of Child and Family Services
State Office:** 195 North 1950 West, Salt Lake City, UT 84116

**Judge Robert Neill**
**Melinda Checketts-Hibbert**
**Debra Jensen**
**Bethany Czuba**

| Lynne Bain 322 S. 750 E. Layton, UT 84041 (801) 951-1484 (801) 458-7862 | Larry Bain 322 S. 750 E. Layton, UT 84041 (801) 951-1484 | Jennifer Wilson 322 S. 750 E. Layton, UT 84041 (801) 845-6527 | Mandy Pace 199 Farm Cir. Farmington, UT 84025 (801) 882-5519 | Darin Pace 199 Farm Cir. Farmington, UT 84025 (385) 216-6923 |
|---|---|---|---|---|
| John W. Huber United States Attorney Office 111 South Main Suite 1800 Salt Lake City, UT 84111 (801) 524-5682 | | F.B.I. 5425 West Amelia Earhart Dr. Salt Lake City, UT 84116 (801) 579-1400 | | U.S. Department of Justice 950 Pennsylvania Ave, NW Washington, DC 20530 (202) 514-2000 |

Under penalty of perjury, I declare the foregoing is true and correct.

Nikole Ann Bain, Plaintiff, *Pro Se.*