IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NIKOLE ANN BAIN, and minor child B.A.B.,<br><br>Plaintiff,<br><br>v.<br><br>LYNNE BAIN, LARRY BAIN, MANDY PACE, DARIN PACE, JENNIFER WILSON, JUDGE ROBERT NEILL, MELINDA CHECKETTS-HIBBERT, et al,<br><br>Defendants. | REPORT AND RECOMMENDATION TO DISMISS CASE FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>Case No.  2:17-cv-01305-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Nikole Ann Bain, proceeding pro se and in forma pauperis, commenced this action on December 21, 2017.  (Compl., ECF No. 3.)[1]  Ms. Bain's Complaint does not provide any factual statements about her case but instead lists federal rules, laws, and articles.  (Id. at 2–10.)  On January 3, 2018, Ms. Bain also moved to "Amend & Exception to Timeframes/Quasi Case Re-Open, Vacate Dismissal," (ECF No. 6), and also moved for a temporary restraining order against the State of Utah and other defendants whom she alleges have illegally interfered with her parental rights.  (Mot. for Temp. Restraining Order 4–17, ECF No. 4.)  The Court attempted to hold a hearing on Ms. Bain's Motions, but Ms. Bain did not appear.  (ECF No. 10.)  Ms. Bain's Complaint fails to establish the Court's subject matter jurisdiction on its face, either through diversity jurisdiction or federal question jurisdiction.  Therefore, the undersigned RECOMMENDS the District Judge dismiss Ms. Bain's Complaint.

---

[1] On January 4, 2018, the District Judge referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 7.)

1

**DISCUSSION**

Ms. Bain has not provided a jurisdictional statement to allege this Court has jurisdiction over her claims.  Before ruling on the merits of a case, the Court must first determine whether it holds subject matter jurisdiction over Ms. Bain's claims.  See Sinochem Int'l Co. v. Malay Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007) (requiring a finding of both subject matter and personal jurisdiction before reaching a case's merits).  "[A] court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991) (quoting Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)).  Federal district courts "may only hear cases 'when empowered to do so by the Constitution and by an act of Congress.'"  Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004) (quoting 16 James Wm. Moore, Moore's Fed. Practice § 108.04(2) (3d ed. 2003)).  Because federal courts have limited jurisdiction, a presumption against federal jurisdiction exists, "and the party invoking federal jurisdiction bears the burden of proof."  Penteco, 929 F.2d at 1521.  All courts must independently "determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)).  A party cannot forfeit or waive subject matter jurisdiction.  Arbaugh, 546 U.S. at 514 (citing United States v. Cotton, 535 U.S. 625, 630 (2002)).

Subject matter jurisdiction arises in one of two ways.  First, under 28 U.S.C. § 1331, commonly referred to as federal question jurisdiction, Congress granted district

courts authority over "civil actions arising under the Constitutions, laws, or treaties of the United States." Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting 28 U.S.C. § 1331). Second, under 28 U.S.C. § 1332, Congress provides federal district courts with federal jurisdiction "over 'all civil actions where the matter in controversy exceeds the sum or value of $75,000…. and is between… citizens of different States.'" Grynberg v. Kinder Morgan Energy Partners, 805 F.3d 901, 905 (10th Cir. 2015), cert. denied, 578 U.S. —, 136 S. Ct. 1714 (2016) (alterations in original) (quoting 28 U.S.C. § 1332). Known as diversity jurisdiction, the United States Supreme Court interprets the statutory grant in §1332 to require complete diversity among the parties. See State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967).

### A. No Federal Question Jurisdiction

Ms. Bain's Complaint identifies federal laws, including § 1983, but Ms. Bain provides no explanation for how these laws provide a basis for this Court's jurisdiction. Because Ms. Bain has not provided a plain statement about the facts of her case or the grounds for the Court's jurisdiction, the Court is not persuaded that it has jurisdiction over Ms. Bain's action. Ms. Bain's Motion for Temporary Restraining Order suggests Ms. Bain seeks to appeal a child protective order entered in a Utah state court. (See Mot. for Temp. Restraining Order 4–16, ECF No. 4.) Ms. Bain argues the Defendants have illegally interfered with her parental rights. (Id. at 5–6.) Ms. Bain's child custody case remains ongoing in state court. Under the Younger abstention doctrine, federal courts must refrain from exercising jurisdiction when: (1) state proceedings remain ongoing; (2) state court offers an adequate forum to hear the federal complaint claims; and (3) the state proceeding involves important state interests. Weitzel v. Div. of

Occupational & Pro'fl Licensing, 240 F.3d 871, 875 (10th Cir. 2001) (citing Amanatullah v. Colo. Bd. of Med. Examiners, 187 F.3d 1160, 1163 (10th Cir. 1999)).  "Younger abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances."  Amanatullah, 187 F.3d at 1163.  To the extent Ms. Bain seeks to appeal the state protective order, Ms. Bain does not allege any "extraordinary circumstances," and her case meets each condition.   As a result, the Court does not have jurisdiction over Ms. Bain's case because the Younger abstention doctrine prevents the Court from adjudicating Ms. Bain's case.

**B. No Subject Matter Jurisdiction**

Ms. Bain also fails to establish the Court's diversity jurisdiction.  Although Ms. Bain meets 28 U.S.C. § 1332's amount in controversy requirement, (see Civil Cover Sheet, ECF No. 3–1 (demanding $5,000,000,000 in damages)), she fails to meet the complete diversity requirement because all of the Defendants and Ms. Bain are citizens of Utah.  (Id.; Compl. 11–12, ECF No. 3.)  Because Ms. Bain's Complaint fails to establish complete diversity between the parties, the Court lacks diversity jurisdiction.

## RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the District Court dismiss Ms. Bain's Complaint for lack of jurisdiction without prejudice.

The Court will send copies of this Report and Recommendation to the parties, who the Court hereby notifies of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the District Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P.

72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 28th day of June 2018.

BY THE COURT:

*[signature]*
EVELYN J. FURSE
United States Magistrate Judge